BOWIE *v.* STATE OF INDIANA.

[No. 29,697. Filed June 9, 1959.]

*Cecil A. McCoy,* of Ft. Wayne, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General for appellee.

PER CURIAM.—Petition was filed in the Juvenile Court of Allen County alleging appellant to be a delinquent child. Pursuant to the Juvenile Court Act of 1945[1] a hearing was had and appellant was found to be a delinquent child and ordered committed to the Indiana State Farm for a period of six months.

Appellant thereafter filed petition for writ of error coram nobis which was denied by the trial court, and on this appeal he asks that the judgment of the lower court be reversed with directions to expunge the record of conviction.

We are unable from an examination of appellant's brief to find any mention therein of his assignment of errors.

The Attorney General in his brief for appellee (The State) has pointed out this insufficiency in appellant's brief, and no attempt has been made by appellant to amend his brief to correct the insufficiency. It is further pointed out by the State that under the Juvenile

---

1. Acts of 1945, ch. 356, §§1-27, being Burns' Indiana Statutes §§9-3201 to §9-3225, 1956 Replacement.

Court Act, *supra*, authorizing in certain cases the expunging or destruction of juvenile court records, such action can only be taken by the court where the minor has never been committed to an institution, whereas the minor here was committed for a period of six months, which period has now expired and appellant has been released.

We believe appellee's contentions are well taken and as no error has been presented by appellant, the judgment of the trial court is affirmed.

NOTE.—Reported in 158 N. E. 2d 792.